## H. W. Pemberton v. The People, for use of Lizzie Pyle.

1. APPEALS—*In Bastardy Cases.*—An appeal in a conviction for bastardy goes directly from the County Court to the Appellate Court.

**Proceedings in Bastardy.**—Error to the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding.   Heard in this court at the August term, 1895.   Affirmed.   Opinion filed March 7, 1886.

R. W. S. WHEATLEY, attorney for plaintiff in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was tried and convicted in the County Court under the bastardy act, from which judgment he appealed to the Circuit Court, where the appeal was dismissed for want of jurisdiction, under a holding that the appeal should have been taken directly from the County Court to this court.

The plaintiff relies upon the decision of the Supreme Court in the case of Stivers v. People, reported in Vol. 38, p. 512 of N. E. Reporter, wherein it was held an appeal did lie to the Circuit Court, thus reversing this court in its holding in that case that the appeal provided by statute was from the County Court to the Appellate Court.   See Stivers v. People, 47 Ill. App. 511.   The decision of the Supreme Court in Stivers' case, however, was not final, and the opinion does not appear in the Illinois reports, that court having reconsidered its holding and returned to its original view, as expressed in Lee v. People, 140 Ill. 536, as see Lynn v.

Lynn, Ill. 160–307, and Gries v. Cable, not yet reported. In the Lynn case it is said in substance that when Sec. 88 of the Practice act, and Sec. 8 of the Appellate Court act, are construed together, as they must be, " the Appellate Court is clothed with jurisdiction of appeals or writs of error from final judgments or decrees of the Circuit Courts, the Superior Courts of Cook County, County Courts and from the City Courts in all criminal cases below the grade of felony, and all suits and proceedings at law or in chancery, except in cases where a franchise or freehold or the validity of a statute, or construction of the constitution is involved, and the excepted cases are required to go directly to the Supreme Court. In the Gries case it is held that an appeal lies from the County to the Circuit Court in a case involving a claim against an estate and probably in other proceedings of minor importance. These decisions are conclusive of the question here involved and the judgment of the court below dismissing the appeal is affirmed.